UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANH HOANG LY,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | Case No. 2:26-cv-02108-TMC<br><br>ORDER DENYING HABEAS PETITION |

Petitioner Anh Hoang Ly is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA"). Dkt. 1-1. For the reasons stated below, the Court DENIES the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Vietnam who was born in Vietnam in 1973, was admitted to the United States in 1990 as a refugee, and became a lawful permanent resident on August 19, 1992. Dkt. 10 ¶ 4. On February 11, 1993, Petitioner was convicted by a California state court of first-degree burglary and sentenced to two years in prison. *Id.* ¶ 5. On July 7, 1994, Petitioner was convicted of theft with a specified prior conviction and sentenced again to two

years in prison. *Id.* ¶ 6. While serving his second sentence, Petitioner was charged as removable under § 241(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA") for being convicted of two or more crimes involving moral turpitude. Dkt. 11-2 at 2.

On April 25, 1995, an immigration judge ("IJ") ordered Petitioner removed to Vietnam. Dkt. 11-3. Petitioner was released under an order of supervision ("OSUP") on February 6, 1996. Dkt. 10 ¶ 11. While under the OSUP, Petitioner was convicted in Utah of driving under the influence and sentenced to 180 days imprisonment in 2022. *Id.* ¶ 12. In late 2025, he was arrested and detained by Utah local law enforcement for aggravated assault. *Id.* ¶ 13. After Petitioner was released from custody on February 14, 2026, United States Immigration and Customs Enforcement ("ICE") Office of Enforcement and Removal Operations ("ERO") detained Petitioner and, on February 25, 2026, transferred Petitioner to NWIPC. *Id.* ¶¶ 15–16.

On March 16, 2026, Petitioner brought a petition for a writ of habeas corpus in this District before Chief Judge David G. Estudillo. *Anh v. United States Immigration and Customs Enforcement*, 2:26-cv-00907-DGE (W.D. Wash. 2026), Dkt. 1. Judge Estudillo denied the petition on May 6, 2026, reasoning that Petitioner had "not been detained for more than six months, and therefore [could not] provide 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.*, Dkt. 13 (quoting *Zadvydas v. Davis*, 33 U.S. 678, 701 (2001)).

On April 16, 2026, ERO began preparing a travel document request ("TDR") to send to the Vietnamese Embassy to facilitate Petitioner's removal to Vietnam. *Id.* ¶ 18. ERO completed the TDR packet on May 21 and ICE "submitted the TDR to the ERO Attache in Hanoi, Vietnam for processing" on July 1. *Id.* ¶ 21. Respondents state that "[t]he government of Vietnam has 30 days to issue a travel document from the time they received the request from the ERO Attache." *Id.* ¶ 24. Based on this representation, the Court ordered on August 11 that Respondents "provide

any supplemental evidence of efforts to secure Petitioner's travel documents or remove him to Vietnam by August 18, 2026." Dkt. 13. Respondents filed a declaration on August 18 stating that Vietnam issued a travel document for Petitioner on August 12, 2026. Dkt. 15 ¶ 4. Respondents further stated that they were "coordinating a charter flight to Vietnam in the early weeks of September for repatriation of Vietnamese citizens with removal orders" and that it was likely ICE would "attempt to remove Petitioner on this flight utilizing the recently received Travel Document." *Id.* ¶ 7. Petitioner filed a motion for a temporary restraining order ("TRO") to stop his removal on August 27, then withdrew the motion on August 31. Dkts. 17, 19. On September 1, 2026, Respondents filed notice that they intended to remove Petitioner in 48 hours. Dkt. 20.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that,

"once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

## III. DISCUSSION

### A. Petitioner's detention has not become indefinite.

Petitioner is a noncitizen who has been present in the United States for over 30 years. Dkt. 10 ¶ 4. He is entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. Having now been detained for a cumulative nine months since an IJ ordered his removal, Petitioner's detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

Petitioner initially provided evidence that "Respondents ha[d] not yet obtained a travel document for Mr. Ly . . . [nor] submitted a renewed request for such documents, and Vietnam has historically taken very few pre-1995 arrivals." Dkt. 6 at 25. The burden thus shifted to the government to "respond with evidence sufficient to rebut that showing." *Id*. Respondents have met that burden by showing that they have obtained a travel document for Petitioner and will begin to remove him to Vietnam within the next week.

Respondents have provided evidence that (1) they received a travel document from Vietnam for Plaintiff on August 12, 2026; (2) they have a charter flight planned "to Vietnam in the early weeks of September for repatriation of Vietnamese citizens with removal orders"; (3) "it is likely ICE will attempt to remove Petitioner on this flight"; (4) Respondents served Petitioner with a notice of his imminent removal on August 25, stating that they expect to remove Petitioner during the month of September; and (5) Respondents intend to remove Petitioner from NWIPC and begin his removal to Vietnam on September 3. Dkt. 15 ¶¶ 4–5; Dkts. 20, 20-1.

This evidence is sufficient to show Petitioner's removal to Vietnam is reasonably foreseeable and that his detention does not violate the INA as construed in *Zadvydas*. Respondents' evidence is also sufficient to rebut Petitioner's claim that Respondents failed to follow their own regulations governing re-detention. Dkt. 6 at 26–27.

**B. Remaining claims**

Petitioner also argues that his re-detention without a hearing violated his procedural due process rights. Dkt. 6 at 25–26.

"Before revoking supervised release and re-detaining a noncitizen, the Government must satisfy procedural due process." *Vo v. Scott*, No. 2:26-CV-00135-JNW, 2026 WL 445046, at *4 (W.D. Wash. Feb. 17, 2026). Courts in the Ninth Circuit have considered procedural due process claims like Petitioner's under *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135 (W.D. Wash. 2025). *Mathews* requires courts to consider these three factors when determining whether a government action complies with procedural due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 334–35

Each of these factors weighs against Petitioner. First, a noncitizen's liberty interest in remaining in the community is reduced when they are subject to a final order of removal—and further diminished when removal is reasonably foreseeable, and detention in service of removal no longer violates the INA as construed in *Zadvydas*. Second, although the consequences to Petitioner from removal to Vietnam are drastic, the risk that his detention is an erroneous

deprivation of his liberty is limited. If Respondents fail to remove Petitioner and his detention *is* erroneous, he may seek relief under *Zadvydas*. This post-deprivation remedy, along with the agency's regulations governing re-detention, is likely sufficient to protect Petitioner's liberty interest in being free from indefinite detention when removal is not foreseeable.

The third and final factor similarly favors Respondents. The government "has a legitimate interest in ensuring that a noncitizen subject to a final order of removal appears when necessary to facilitate removal." *See Saelee v. Bondi*, No. 2:25-CV-02677-TLF, 2026 WL 221513, at *6 (W.D. Wash. Jan. 28, 2026) (citing *Tran v. Bondi*, No. 2:25-CV-02335-DGE-TLF, 2025 WL 3725677, at *3 (W.D. Wash. Dec. 24, 2025)). Stronger yet is that interest where, as here, the government has shown that removal is likely to occur in the reasonably foreseeable future. *But see id*. at *7 (holding that "the government's interest in re-detaining a noncitizen, who has not violated the terms of their release nor whose removal has not been established to be likely to occur in the reasonably foreseeable future, without a pre-detention hearing or some other pre-detention process is low.").

Each of the *Matthews* factors favors Respondents because they began arrangements for Petitioner's removal shortly after they detained him, and his removal now appears imminent. The cascade of effects from that imminent removal, however serious, are the result not of unlawful procedures but rather the executive's discretionary choices. The Court must therefore deny relief on Petitioner's procedural due process claim.

Finally, Petitioner asserts several other grounds for habeas relief in his petition. *See* Dkt. 6 at 27–28 ("Ground Four: Violation of the Fifth Amendment, 8 U.S.C. § 1231, Convention Against Torture, Implementing Regulations, and the Administrative Procedure Act . . . Ground Five: Punitive Third-Country Banishment; Violation of Fifth and Eighth Amendments"). But because Petitioner did not maintain these claims in his reply brief and did not respond to

Respondents' arguments that he does not have standing to pursue them, and there is no evidence in the record that the government is pursuing third-country removal, the Court considers these claims abandoned. *See* Dkt. 9 at 11; *see generally* Dkt. 12.

## IV. CONCLUSION

The Court DENIES the petition for writ of habeas corpus. Dkt. 6.

Dated this 1st day of September, 2026.

Tiffany M. Cartwright
United States District Judge